O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERTO GARCIA, | ) | Case No. CV 12-10661 DDP ✓ |
| | ) | [CR 11-00214 DDP] |
| Plaintiff, | ) | |
| | ) | ORDER DENYING HABEAS RELIEF |
| v. | ) | PURSUANT TO 28 U.S.C. § 2255 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | [Docket No. 1 ] |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I. **Background**

Petitioner Roberto Garcia has filed for habeas relief pursuant to 28 U.S.C. § 2255. (Docket No. 1.) In August 2010, Petitioner was sentenced in state court for sale or transportation of methamphetamine. (United States Probation Office Presentence Report ("PSR") ¶ 52, Government's Opposition ("Opp'n") Ex. I (under seal).) In December 2011, this Court sentenced Defendant to 46 months imprisonment for being an illegal alien who entered the United States following deportation, in violation of 8 U.S.C. § 1326(a). Petitioner states that at the time he was arraigned for his federal charge, April 2011, he had nine months remaining on his August 2010 state court sentencing. (Mot. attachment at 1.)

1  Petitioner seeks habeas relief because his counsel failed to

2  request that his federal sentence run concurrently with his state

3  sentence.

4  **II. <u>Legal Standard</u>**

5       A petitioner may move to vacate, set aside, or correct his/her

6  sentence "upon the ground that the sentence was imposed in

7  violation of the Constitution or laws of the United States, or that

8  the court was without jurisdiction to impose such sentence, or that

9  the sentence was in excess of the maximum authorized by law, or is

10 otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  If

11 any of these grounds exist, the court "shall vacate and set the

12 judgment aside and shall discharge the prisoner or resentence him

13 or grant a new trial or correct the sentence as may appear

14 appropriate."  28 U.S.C. § 2255(b).

15      Under section 2255, "a district court must grant a hearing to

16 determine the validity of a petition brought under that section,

17 '[u]nless the motions and the files and records of the case

18 <u>conclusively show</u> that the prisoner is entitled to no relief.'"

19 <u>United States v. Blaylock</u>, 20 F.3d 1458, 1465 (9th Cir. 1994)

20 (quoting 28 U.S.C. § 2255) (emphasis and alternation in original).

21 "The district court may deny a section 2255 motion without an

22 evidentiary hearing only if the movant's allegations, viewed

23 against the record, either do not state a claim for relief or are

24 so palpably incredible or patently frivolous as to warrant summary

25 dismissal."  <u>United States v. Mejia-Mesa</u>, 153 F.3d 925, 931 (9th

26 Cir. 1998) (quoting <u>United States v. Burrows</u>, 872 F.2d 915, 917

27 (9th Cir.1989)).

28 ///

2

**III. <u>Analysis</u>**

Sentencing Guideline § 5G1.3(c) states:

> (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

The amended application notes for § 5G1.3(c) state that "the court should consider the following" in determining whether to order concurrent or consecutive sentences:

> (I) The factors set forth in 18 U.S.C. 3584 (referencing 18 U.S.C. 3553(a)); (ii) The type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence; (iii) The time served on the undischarged sentence and the time likely to be served before release; (iv) The fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and (v) Any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

Because this Court did not address the issue, Petitioner's federal sentence runs consecutive to his state court sentence. 18 U.S.C. § 3584. Petitioner asks for habeas relief on grounds that this Court committed plain error by not considering his prior sentence and his counsel provided ineffective assistance by not alerting this court to the prior sentence, and, thus, the possibility of concurrent sentencing.

**A. <u>Plain Error</u>**

To show plain error, Petitioner must show that:

> (1) there was 'error'; (2) it was 'plain'; and (3) that the error affected 'substantial rights.' If these conditions are met, [this court] may exercise [its] discretion to notice the forfeited error only if the error (4) seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.

3

1   United States v. Nordby, 225 F.3d 1053, 1060 (9th Cir.2000)

2   (internal quotation marks and citations omitted) (quoting United

3   States v. Olano, 507 U.S. 725, 732 (1993)).

4        Petitioner cites the Ninth Circuit decision of United States

5   v. Chea, for the proposition that it was plain error not to

6   consider running his sentences concurrently.  He is right. See

7   United States v. Chea, 231 F.3d 531, 533 (9th Cir. 2000)

8   (explaining how a court's "failure to consider a defendant's

9   undischarged term of imprisonment and Sentencing Guideline Section

10  5G1.3(c)" in imposing a sentence was plain error and required

11  resentencing).  However, the plain error standard, which is

12  required under rule 52, is not applicable in the § 2255 context.

13  "Because it was intended for use on direct appeal, . . . the 'plain

14  error' standard is out of place when a prisoner launches a

15  collateral attack against a criminal conviction after society's

16  legitimate interest in the finality of the judgment has been

17  perfected by the expiration of time allowed for direct review or by

18  the affirmance of conviction on appeal." United States v. Frady,

19  456 U.S. 152, 164 (1982).

20       Additionally, Petitioner did not appeal his sentence. (§ 2255

21  motion at 3.)  "Nonconstitutional sentencing errors that have not

22  been raised on direct appeal have been waived and generally may not

23  be reviewed by way of 28 U.S.C. § 2255." United States v.

24  Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994).  However,

25  ineffective assistance of counsel is a "constitutional violation"

26  that is "treated differently." Id.  If counsel was ineffective in

27  not bringing Petitioner's state sentence to the Court's attention,

28  and the petitioner suffered prejudice as a result, then Petitioner

4

1  will be entitled to § 2255 relief.  United States v. McMullen, 98

2  F.3d 1155, 1157 (9th Cir. 1996) (declining to analyze a sentencing-

3  based claim for relief because it was not raised on direct appeal,

4  but analyzing a claim that counsel was ineffective for failing to

5  make the sentencing argument to the court); United States v.

6  Whitefield, 1:95-CR-5111 OWW, 2006 WL 2472773 (E.D. Cal. Aug. 23,

7  2006) (refusing to analyze a Chea claim on habeas because

8  Petitioner did not claim ineffective assistance of counsel).

9      Thus, there is no § 2255 relief for petitioner independent of

10  his claim that counsel's failure to make a concurrent sentencing

11  argument constituted ineffective assistance.

12      **B. <u>Ineffective Assistance of Counsel</u>**

13      To prevail on a claim of ineffective assistance of counsel, a

14  convicted defendant must show both (1) that counsel's performance

15  was deficient; and (2) that "the deficient performance prejudiced

16  the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

17  The defendant bears the burden of establishing both prongs of the

18  claim of ineffective assistance of counsel. United States v.

19  Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  If the

20  defendant fails to satisfy either prong, the claim of ineffective

21  assistance of counsel must fails. Strickland, 466 U.S. at 687.  In

22  order to show prejudice, a defendant must show that "there is a

23  reasonable probability that, but for counsel's unprofessional

24  errors, the result of the proceeding would have been different."

25  Id. at 694; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998).  A

26  reasonable probability is less than a preponderance of the evidence

27  and is a probability sufficient to undermine confidence in the

28  outcome.  See Kyles v. Whitley, 514 U.S. 419, 434 (1995);

5

1    <u>Strickland</u>, 466 U.S. at 694.  "[A] court need not determine whether
2    counsel's performance was deficient before examining the prejudice
3    suffered by the defendant as a result of the alleged deficiencies."
4    <u>Id.</u> at 697.

5         "[I]neffective assistance of counsel during a sentencing
6    hearing can result in Strickland prejudice because 'any amount of
7    [additional] jail time has Sixth Amendment significance.'"  <u>Lafler</u>
8    <u>v. Cooper</u>, 132 S. Ct. 1376, 1386 (2012).  A petitioner must have a
9    basis to claim that a difference in the outcome would be reasonably
10   probable; mere speculation of a different sentence is insufficient.
11   <u>See</u>, <u>e.g.</u>, <u>Prewitt v. United States</u>, 83 F.3d 812, 819 (7th Cir.
12   1996) (denying an ineffective-assistance claim where "only the
13   possibility existed that [a defendant] would receive a concurrent
14   sentence" if his counsel raised the issue); <u>Welker v. United</u>
15   <u>States</u>, No. 06-48, 2009 WL 57139, at *4 (E.D.Mo. Jan.9, 2009)
16   ("Because such a decision is discretionary, there is only a
17   possibility, not a reasonable probability, that a court would
18   impose a concurrent rather than consecutive sentence if a motion
19   under § 5G1.3(c) is properly raised.").

20        Here, Defendant provides no evidence indicating that a
21   concurrent sentence would have been appropriate, nor does he claim
22   that the Court would have ordered one had counsel requested it.
23   Under § 5G1.3(c), this Court had discretion to run Petitioner's
24   sentence concurrently, so it is possible that, absent counsel's
25   purported error, this Court would have done so.  But possibility is
26   insufficient because Petitioner is required to show the reasonable
27   probability of a different outcome.  <u>Prewitt</u>, 83 F.3d at 819;
28   <u>United States v. Law</u>, CRIM.A. 08-77, 2012 WL 1671289, at *3-4 (E.D.

6

1   Pa. May 14, 2012) (rejecting a similar § 5G1.3(c) habeas petition

2   for similar reasons).  Petitioner's ineffective assistance of

3   counsel claim fails for this reason alone.

4        Regardless, the amended application notes for § 5G1.3(c)

5   indicate that a consecutive sentence was appropriate for

6   Petitioner.  For instance, although there were some mitigating

7   factors, Petitioner has a serious criminal record, which bears on

8   the 18 U.S.C. § 3553(a) factors.  (<u>See generally</u> PSR, Opp'n Ex. I

9   (under seal).)  In part because of his criminal history, this Court

10  imposed a sentence at the upper end of the Guidelines.  (Opp'n Ex.

11  J (advising a sentence of 37 to 46 months; Ex. H (sentencing

12  Petitioner to 46 months).  Additionally, "concurrent sentences are

13  more likely to be appropriate" when they are for "unrelated

14  behavior."  <u>Setser v. United States</u>, 132 S. Ct. 1463, 1476 (2012).

15  Here, Petitioner has presented the Court with nothing that

16  indicates his methamphetamine-related sentence in state court was

17  related to his illegal entry sentence in federal court.  Thus, a

18  consecutive sentence would generally be appropriate in his case.

19  <u>See</u> <u>id.</u>  Hence, Petitioner cannot show prejudice.[1]

20

21

22

23

_____

24       [1]Petitioner's remaining ineffective assistance of counsel
    claims also fail.  Because the Bureau of Prisons, not the district
25  court, determines credit for time served, counsel did not prejudice
    Petitioner by failing to inform this Court of Petitioner's request
26  for such credit.  <u>See</u> <u>United States v. Wilson,</u> 503 U.S. 329, 333-36
    (1992).  Additionally, Petitioner's claim that counsel had
27  insufficient communication with him may be inaccurate.  (Opp'n Ex.
    N at 122-24 (declaration of counsel).)  Regardless, Petitioner does
28  not explain how any purported lack of communication prejudiced him.

**IV.  <u>Conclusion</u>**

    For the reasons stated herein, the Petition is DENIED.

IT IS SO ORDERED.

Dated: September 3, 2013

                                   DEAN D. PREGERSON
                                   United States District Judge